UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PRISON LEGAL NEWS, §
         PLAINTIFF §
§
v. §   CIVIL ACTION NO. 2:12-cv-699
§
ANTHONY BETTERTON, individually and §
in his official capacity as Sheriff of Upshur §
County; JILL MCCAULEY, individually §
and in her official capacity as Lieutenant of §
Upshur County Jail, and UPSHUR §
COUNTY, §
         DEFENDANTS

**COMPLAINT**

Prison Legal News ("PLN") is non-profit organization that educates prisoners about their legal rights. Defendants are wrongfully censoring PLN's communication with prisoners incarcerate at the Upshur County Jail.

STATEMENT OF CLAIMS

1. PLN brings this action to stop Defendants from censoring its mail in violation of its rights to free speech and due process. PLN seeks injunctive and declaratory relief, along with nominal, compensatory, and punitive damages.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question), §1343 (civil rights), and §2201 (Declaratory Judgment Act). This Court has supplemental jurisdiction to consider Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this district pursuant to 24 U.S.C. §1391(b), as the events complained of occurred in this district and division.

## PARTIES

4. PLN is a wholly owned subsidiary of the Human Rights Defense Center (HRDC), a non-profit, tax-exempt corporation. HRDC's mission is centered on public education, prisoner education, and advocacy in support of basic human rights. PLN's primary offices are in Brattleboro, Vermont. PLN publishes a monthly magazine distributed across the nation to prisoners, attorneys, judges, law libraries, and other subscribers. PLN also distributes books, specializing in self-help materials regarding prisoner's rights and issues related to the criminal justice and corrections systems.

5. Defendant Anthony Betterton, Sheriff of Upshur County, is responsible for the policies, procedures, and operation of the Upshur County Jail. All his acts and omissions complained of herein were under color of state law. Betterton is the final policymaker for Upshur County. He is sued in his official capacity for injunctive and declaratory relief, and in his individual capacity for nominal, compensatory, and punitive damages. He can be served with process at 405 North Titus, Gilmer, TX 75644. *Service is requested*.

6. Defendant Jill McCauley is a lieutenant at the Upshur County Jail. All her acts and omissions complained of herein were under color of State law. She is a final policymaker for the Upshur County Jail. She is sued in her official capacity for injunctive and declaratory relief, and in her individual capacity for nominal, compensatory, and punitive damages. She can be served with process at the Upshur County Jail, 405 North Titus, Gilmer, TX 75644. *Service is requested*.

7. Upshur County is a political subdivision of the State of Texas. The County funds and operates the jail, employs and compensates the jail staff, and is charged with ensuring that, at all times, the jail remains in compliance with federal and state law. Upshur County can be served

through its county judge, Dean Fowler at Uphsur County Courthouse 3rd Floor, 100 West Tyler St., Gilmer, TX 75644. *Service is requested*.

## STATEMENT OF FACTS

### *PLN Educates Prison and Jail Inmates*

8. PLN publishes and distributes a 56-page legal information magazine addressing the rights of incarcerated people. The magazine has been published continuously since 1990. PLN has approximately 7,000 subscribers nationwide, including prisoners, attorneys, judges, public libraries, and members of the general public. PLN distributes the magazine to prisoners in approximately 2,200 correctional facilities across the United States.

9. The magazine is core-protected speech; it is not objectionable on security or other grounds. Each monthly issue of the magazine provides information about important legal issues, such as access to courts and counsel, disciplinary hearings, prison conditions, excessive force, mail censorship, jail litigation, visitation, access to telephones, religious freedom, prison rape, and the death penalty, among other topics.

10. PLN also distributes approximately fifty (50) books regarding the criminal justice system by other publishers. These books foster a better understanding of criminal justice policies and issues and allow prisoners to educate themselves about related issues.

### *Defendants' Censorship Policy is Not Narrow, Objective, or Definite*

11. Upshur County Jail's written inmate handbook contains no written criteria explaining when a publication will be rejected. It merely states:

> All periodicals, magazines, newspapers, and other similar items will be individually inspected. This inspection will be conducted to ensure these items do not contain restricted information and will be rejected on a case-by-case basis. All such materials must have prior approval to be received and must be mailed from the publisher to the inmate.

12. The policy does not provide a sender any notice or explanation when Defendants censor a book. Only a prisoner may file a written appeal of a censorship decision, not the sender.

*Defendants Censor PLN's Mail to Inmates*

13. Beginning July 2011 and continuing to the present, PLN has been mailing its magazine to inmates in the Upshur County Jail.

14. Subscribers to the magazine at Upshur County Jail are also sent copies of the paperback book, *Protecting Your Health and Safety: Prisoners' Rights*, published by the Southern Poverty Law Center (SPLC). The book gives inmates information about their right to medical care and protections against inhumane treatment.

15. Since July 2011, PLN has received returned copies of its monthly magazine and books from the Upshur County Jail. Out of approximately 223 issues of PLN's magazine sent since July 2011, at least 86 issues were rejected and sent back. Many books have been returned s the same way.

- In July 2011, PLN received eight returned copies of the magazine sent to prisoners at Upshur County Jail. Each magazine was officially stamped "Refused," "Return To Sender" and "No Newspaper." PLN also received one returned copy of *Protecting Your Health and Safety*, which was marked "RTS" (Return To Sender).

- In October 2011, PLN received a returned copy of the magazine sent to one of the prisoners at Upshur County Jail. The packaging was stamped with "Refused," "Return To Sender" and "No Newspaper."

- In January 2012, PLN received eighteen returned copies of the magazine sent to prisoners at Upshur County Jail. Each issue was stamped "Refused." PLN also received two returned copies of *Protecting Your Health and Safety* marked "RTS," "Returned to Sender," and "Refused."

- In February 2012, PLN received seven returned copies of the magazine sent to prisoners at Upshur County Jail. Each of these issues was stamped "Refused."

- In March 2012, PLN received five returned copies of the magazine sent to prisoners at Upshur County Jail. Each issue was stamped "Refused." Plaintiff also received three returned copies of *Protecting Your Health and Safety*. Each copy of the book was marked "RTS" and "Not Approved by Chief."

- In April 2012, PLN received twenty-seven returned copies of the magazine sent to prisoners at Upshur County Jail. Each of these issues was stamped "Refused," "Return To Sender" and/or "No Newspaper."

- In June 2012, PLN received nine returned copies of the magazine sent to prisoners at Upshur County Jail. Each of these issues was marked "Refused."

- In July 2012, PLN received five returned copies of the magazine sent to prisoners at Upshur County Jail. Each of these issues was marked "Refused."

- In August 2012, PLN received five returned copies of the magazine sent to prisoners at Upshur County Jail. Each of these issues was marked "Refused."

16. After suspecting the books and magazines were being censored, PLN's in-house counsel sent personally addressed letters to individual prisoners to ask if they were receiving the magazine and books. These letters, despite being sent in envelopes marked "Special Mail: Legal Mail," were returned to PLN, unopened, though the prisoners were still incarcerated at the Upshur County Jail.

*PLN is not Given Due Process for Censorship Decisions*

17. Defendants do not provide PLN with constitutionally adequate notice of the censorship of the magazine and books,

18. Likewise, Defendants do not provide PLN an opportunity to be heard or to contest Defendants' censorship decisions.

19. On information and belief, Upshur County Jail officials, including Defendants, are not making individualized determinations about the content of each publication before censoring and excluding the material, in violation of the First Amendment.

20. Defendants' censorship and exclusion of PLN magazine by Upshur County Jail officials, is arbitrary and void of any constitutionally valid standards or criteria.

*Defendants' Censorship Violates Free Speech Guarantees*

21. Defendants know their policies and practices unconstitutionally violate PLN's rights to free speech.

5

22. Due to Defendants' actions, PLN has suffered pecuniary loss of potential subscribers, customers, correspondents and supporters; diversion of resources; loss of reputation; and other damages to be shown at trial.

23. Due to Defendants' actions, as described herein, PLN has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

CAUSE OF ACTION I – UNITED STATES CONSTITUTION<br>FIRST AMENDMENT FREEDOM OF SPEECH

24. PLN has a constitutionally protected liberty interest in communicating with incarcerated people. This right is clearly established under existing case law.

25. Defendants' censorship of PLN's reading material is arbitrary, unrelated to any legitimate penological interest, and without any individualized determination based on content, in violation PLN's free speech rights secured by the First and Fourteenth Amendments.

26. PLN's right to communicate with prisoners through the mail is clearly established. Thus, Defendants Betterton and McCauley are not entitled to qualified immunity.

CAUSE OF ACTION II – TEXAS CONSTITUTION FREEDOM OF SPEECH

27. The Texas Constitution offers greater free speech protections than the U.S. Constitution. Article I, Section 8 guarantees:

> Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press…

28. Defendants' policy requiring official approval of materials before they are passed on to inmates is an unconstitutional prior restraint on speech.

6

## CAUSE OF ACTION III – DUE PROCESS OF LAW

29. PLN has a right under the Fourteenth Amendment to receive notice when Defendants prevent PLN's magazine and books from reaching prisoners, and to be given the opportunity to object.

30. Defendants' policy does not provide notice or an opportunity to be heard before Defendants deprive PLN of its free speech rights, in violation of the Due Process Clause of the Fourteenth Amendment.

31. The right to due process before censorship is clearly established under decades of well-settled case law.  As such, Betterton and McCauley are not entitled to qualified immunity.

## DAMAGES

32. PLN seeks compensatory, punitive, and nominal damages for violations of its constitutional free speech and due process rights under the First and Fourteenth Amendments for suppression of its political message; diversion of its resources; frustration of its organizational mission; injuries to its business reputation; and loss of revenue.

## DECLARATORY RELIEF

33. PLN requests all appropriate declaratory relief to which it is entitled.

## INJUNCTIVE RELIEF

34. PLN requests the Court enjoin Defendants from continuing to violate its free speech and due process rights.

35. Plaintiffs seek permanent injunctive relief requiring Defendants to provide written notice to senders and an opportunity to respond before censoring their mail, and requiring the adoption of specific guidelines delineating what materials may be delivered to prisoners though the mail, as well as any other appropriate injunctive relief.

## ATTORNEYS' FEES AND COSTS

36. Pursuant to 42 U.S.C. § 1988, PLN is entitled to recover attorneys' fees and litigation costs and expenses.

## PRAYER FOR RELIEF

THEREFORE, Prison Legal News requests the Court:

1. Declare that Defendants' censorship policies and practices are unconstitutional;

2. Grant a preliminary and permanent injunction ordering Defendants to stop violating Plaintiff's rights to due process and free speech;

3. Award nominal, compensatory, and punitive damages against Defendants;

4. Grant reasonable attorneys' fees, litigation expenses, and court costs pursuant to 42 U.S.C. §1988; and

5. Grant all other and further relief as appears reasonable and just, to which Plaintiffs may be entitled.

Dated: November 26, 2012.

Respectfully submitted,

 /s/ Brian McGiverin
Brian McGiverin
Texas Bar. No. 24067760
Scott Medlock
Texas Bar No. 24044783
James C. Harrington
Texas Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Dr.
Austin, TX 78741
Tel. (512) 474-5073
Fax (512) 474-0726

ATTORNEYS FOR PLAINTIFF