IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PRISON LEGAL NEWS, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CASE NO. 2:12-CV-00699-JRG |
| ANTHONY BETTERTON, *et al.*, | § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Protective Order from Plaintiff's Notices of Deposition (Dkt. No. 47), filed September 11, 2013. For the reasons described below, the Court **DENIES** Defendants' Motion.

Plaintiff's Amended Complaint alleges that Defendants violated its free speech and due process rights under the First and Fourteenth Amendments to the Constitution by arbitrarily censoring its mail to persons incarcerated in the Upshur County Jail (the "Jail") (Dkt. No. 5, at 3-6).

Defendants seek to quash six Notices of Deposition served by Plaintiff in this case against Defendant Anthony Betterton and five current and former employees of the Upshur County Jail. Defendants argue, first, that the depositions are irrelevant to Plaintiff's suit because a revised policy obviates Plaintiff's claim; second, that certain Defendants are entitled to qualified immunity from suit, and must be "shielded from burdensome, disruptive discovery until

1

the qualified immunity issue can be determined" (Dkt. No. 47, at 5); and third, that the depositions are unduly burdensome and impose an undue expense on Defendants.

Each of these arguments is unpersuasive. First, the depositions of the Sheriff of Upshur County and five Jail employees are clearly relevant to the suit, which alleges that the Jail's handling of Plaintiff's mail violates its constitutional rights. *See* Fed. R. Civ. Pro. 26(b) (clarifying that parties are entitled to discovery of nonprivileged information "reasonably calculated to lead to the discovery of admissible evidence"). Change in the Jail's policies asserted by Defendants would not make Plaintiff's depositions irrelevant to the claim.[1]

Second, Defendants' assertion of qualified immunity is improperly presented. The Court notes that Defendants have filed neither a Motion to Dismiss nor a Motion for Summary Judgment raising the issue of qualified immunity. Though Defendants have raised the issue of qualified immunity in their Answer (Dkt. No. 12), they have made no attempt to move the Court to make a determination of immunity. Notwithstanding the absence of such an effort by Defendants to obtain such a determination, they nonetheless suggest that the Court immediately bring discovery to a halt based only upon the promise of a future motion for summary judgment to be filed at some subsequent date.

Even if Defendants Betterton and McCauley were protected by qualified immunity, however, Plaintiff's would still be entitled to depose the noticed witnesses, since Defendant

---

[1] *See* Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc., 528 U.S. 167, 174 (2000) ("[D]efendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case.").

Upshur County, as a local governmental body rather than an individual, is not entitled to qualified immunity. *See Owen v. City of Independence*, 445 U.S. 622 (1980).

Finally, the Court finds that Plaintiff's attempts to depose six current and former employees of Upshur County is not unduly burdensome. Plaintiff has indicated a willingness to accommodate the demands of the witnesses' schedule within reasonable bounds. The fact that an employee has important regular duties does not make any inconvenience to those duties "unduly burdensome."

For these reasons, Defendants' motion should be and is hereby **DENIED**.

**So ORDERED and SIGNED this 18th day of September, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE